UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW MEXICO

YVONNE MARTINEZ

                                         Case No.:

            Plaintiff,

v.

HARTFORD FINANCIAL GROUP, LLC

            Defendant.

## COMPLAINT FOR  BREACH OF CONTRACT, BREACH OF IMPLIED COVENANT OF FAIR DEALING AND UNFAIR TRADE PRACTICES

COMES NOW Plaintiff Yvonne Guardian, by and through her attorney of record Amavalise F. Jaramillo, Esq., and in support of her complaint for personal injury states as follows:

1) Plaintiff Yvonne Guardian is a resident of Valencia County, New Mexico.

2) At all times material to this complaint, Plaintiff Yvonne Martinez is and was a resident of Valencia County, New Mexico.

3) The Defendant Hartford Financial Group, LLC, is an Ohio limited liability Corporation that does business in New Mexico.

4) On March 14, 2012, Defendant was driving on Interstate 25 and Comanche when she was struck from by a vehicle being driven by Jonathan Moreno.

5) Mr. Jonathan Moreno was insured by Allstate Insurance under a liability insurance policy with a bodily injury policy limit of $25,000.00, per person.

6) Plaintiff Yvonne Martinez was insured by Defendant Hartford Financial Group, LLC with an UM/UIM policy that stacked several vehicles.

1

7) Jonathan Moreno's negligent driving caused Plaintiff to sustain an injury that manifested in the form of numbness to several of her middle fingers the proximate cause or aggravation of which was a proximate result of Jonathan Moreno's negligence.

8) Plaintiff Martinez is an APD officer that uses a service weapon.

9) The injury to her fingers interfered in her ability to fire her service weapon.

10) Plaintiff's doctors have advised her that her injuries are career ending and that she is in need of a fusion surgery.

11) Allstate paid damages in the amount of $20,000.00, in consideration for a release of liability for their insured.

12) Plaintiff's remaining damages are in excess of $75,000.00.

13) Plaintiff has made demand upon Hartford Financial to pay her remaining damages but has not been able to reach a settlement with Hartford Financial.

## BREACH OF CONTRACT

14) The above paragraphs are incorporated by reference as if fully set forth herein.

15) By virtue of the UM/UIM coverage under Plaintiff's auto policy Defendant Hartford Financial Service stands in the same position as the tortfeasor Jonathan Moreno.

16) By virtue of the UM/UIM coverage Defendant Harford Financial owes Plaintiff a duty to compensate her for the remaining balance of her damages.

17) Defendant breached the terms of the contract existing between itself and Plaintiff.

18) Defendant breached the terms of any implied contract which existed between the parties.

19) Defendant is liable for breach of contract, incidental, consequential, compensatory and other damages as will be proven at trial.

20) Defendant is liable for pre and post judgment interest as well as attorney's fees and is

liable for any other relief that the Court may deem just and proper.

## COUNT II: BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

21) The above paragraphs are incorporated by reference as if fully set forth herein.

22) Defendant had a duty to act in good faith with respect to the obligations it owed Plaintiff

its insured under the UM/UIM coverage that it owes Plaintiff under the policy.

23) Defendant breached that duty by failing to effectuate prompt, fair and equitable

settlement of her claims under the policy.

24) Defendant further breached its duties it owed plaintiff by failing to compensate her for

her bodily injuries in excess of the policy limits by the tortfeasor's insurance carrier.

25) Defendant is liable for breach of implied covenant of good faith and fair dealing  in an

amount to be proven at trial.

## COUNT III: UNFAIR TRADE PRACTICES

26) The above paragraphs are incorporated by reference as if fully set forth herein.

27) New Mexico law NMSA §57-12-2 proscribes certain unfair, deceptive or unconscionable

trade practices.

28) Defendant committed unfair trade practices against plaintiff by misrepresenting the

nature and benefits that it would provide Plaintiff under the automobile insurance policy.

29) Defendant is liable for unfair and deceptive trade practices in an amount as will be

proven at trial.

Sincerely,

 /s/ Amavalise F. Jaramillo, Esq.
Amavalise F. Jaramillo, Esq.
PO Box 28
Tome, NM 87060
Phone: 505-553-2092
Fax: 505-916-0377
Amavalise@gmail.com