IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

YVONNE MARTINEZ,

    Plaintiff,

v.                                                                                        No. 15-cv-1007 SMV/WPL

HARTFORD FINANCIAL GROUP, LLC,

    Defendant.

### MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court sua sponte, following its review of the Complaint [Doc. 1], filed by Plaintiff on November 5, 2015. The Court has a duty to determine whether subject matter jurisdiction exists sua sponte. *See Tuck v. United Servs. Automobile Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988). The Court, having considered the Complaint, the applicable law, and being otherwise fully advised in the premises, concludes that the Complaint fails to allege the necessary facts of citizenship in order to sustain diversity jurisdiction. Therefore, the Court will order Plaintiff to file an amended complaint no later than **December 8, 2015**, if the necessary jurisdictional allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure.

### BACKGROUND

On November 5, 2015, Plaintiff filed her Complaint. [Doc. 1]. Although she does not explicitly identify her ground for the Court's jurisdiction, her Complaint alludes to diversity of citizenship. *See id.* She asserts that she "is a resident of Valencia County, New Mexico," that Defendant "is an Ohio limited liability [c]orporation that does business in New Mexico." *Id.*

at 1. Furthermore, she claims more than $75,000 in damages. *Id.* at 2. Nevertheless, Plaintiff makes no allegation about her own citizenship or the citizenship of Defendant's members. *See* [Doc. 1].

## LEGAL STANDARD

A plaintiff is required to assert the basis of subject matter jurisdiction in her complaint. Fed. R. Civ. P. 8. Additionally, the district court must be satisfied that, indeed, it has subject matter jurisdiction. *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998). Subject matter jurisdiction cannot be waived and thus may be raised by the parties or sua sponte at any time. *Louisville & Nashville R.R. Co. v. Motley*, 211 U.S. 149, 152 (1908).

## DISCUSSION

District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a). Jurisdiction under § 1332 requires diversity of *citizenship*. The party asserting jurisdiction must plead citizenship distinctly and affirmatively; allegations of residence are not enough. *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (2015). Domicile, the equivalent of state citizenship, requires more than mere residence; domicile exists only when such residence is coupled with an intention to remain in the state indefinitely. *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014).

Determining the citizenship of a limited liability company is different from determining the citizenship of a corporation under § 1332. A corporation is deemed to be a citizen of the state in which it is incorporated *and* in which it maintains its principal place of business. *See*

§ 1332(c). Limited liability companies, however, are treated as partnerships for citizenship purposes and are therefore citizens of every state in which any of its members are citizens. *Siloam Springs*, 781 F.3d at 1234.

Here, the facts set forth in the Complaint do not sufficiently establish Plaintiff's citizenship because they address only her residence. Further, the allegations fail to establish the citizenship of Defendant because they fail to allege the citizenship of each of its members.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff shall amend her Complaint to properly allege diversity of citizenship, if such allegations can be made in compliance with the dictates of Rule 11 of the Federal Rules of Civil Procedure, no later than **December 8, 2015**.

**IT IS FURTHER ORDERED** that if such an amended complaint is not filed by **December 8, 2015**, the Court may dismiss this action without prejudice.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**